**FILED**
**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 767**

| | | |
|---|---|---|
| SIGMA CHI CORPORATION and SIGMA CHI FOUNDATION | ) ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. |
| vs. | ) ) | |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) | **TRIAL BY JURY DEMANDED** |
| Defendant. | ) ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE KEYS**

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Sigma Chi Corporation and Sigma Chi Foundation (collectively, "Sigma Chi"), by their attorneys, state:

**Nature of the Action**

Sigma Chi brings this Complaint for Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 USC § 2201(a). Sigma Chi purchased an insurance policy from Westchester Fire Insurance Company ("Westchester Fire"). During the policy period, Sigma Chi received notices of two claims against Sigma Chi by IBM Credit Corporation ("IBM Credit") and Network System Technologies, Inc., d/b/a Incentra Solutions of Illinois ("Incentra"). In accordance with the policy, Sigma Chi sent notices of the claims to Westchester Fire. Westchester Fire denied coverage and advancement of defense costs in violation of the policy.

**THE PARTIES**

1.      Plaintiff Sigma Chi Corporation is a not-for-profit Illinois corporation with its principal place of business located at 1714 Hinman Avenue in Evanston, Illinois.

2.     Plaintiff Sigma Chi Foundation is a not-for-profit Colorado corporation with its principal place of business located at 1714 Hinman Avenue in Evanston, Illinois.

3.     Defendant Westchester Fire is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION

4.     This Court has diversity jurisdiction pursuant to 28 USC § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## VENUE

5.     Venue is proper in this Court pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## THE UNDERLYING IBM CLAIMS

6.     On February 23, 2007, IBM Credit notified Sigma Chi that it was in default of certain lease agreements for computer hardware, software and services. IBM Credit demanded that Sigma Chi pay it the sum of $1,490,604.00 under the agreements.

## THE UNDERLYING INCENTRA CLAIMS

7.     On May 4, 2007, Incentra notified Sigma Chi that it was in breach of the Gridworks Master Service Agreement and various other agreements regarding computer hardware, software and services in the amount of $108,459.93. On September 19, 2007, Incentra filed a lawsuit in the Circuit Court of DuPage County, Illinois, against Sigma Chi Corporation and Sigma Chi Foundation for breach of contract in the amount of $108,459.93. The case is styled *Network System Technologies, Inc. v. Sigma Chi Corporation and Sigma Chi Foundation*, Case No. 2007 L 000988.

## THE POLICY

8. Westchester Fire issued policy number DON G21943885, as amended ("the Policy") to Sigma Chi Corporation and Sigma Chi Foundation for the period of September 28, 2006 to September 28, 2007. Sigma Chi purchased Policy number DON G21943885 for "Management Liability" and "Employment Practices Liability" with an aggregate limit of $5,000,000 and $10,000 retention for each claim.

9. The relevant portion of the Policy which relates to the underlying IBM Credit and Incentra claims is "Management Liability" which includes "Company Liability" in section I.A.3:

> The **Insurer** shall pay the **loss** of the **Company** which the Company becomes legally obligated to pay by reason of a **Claim** first made against it and reported to the **Insurer** during the **Policy Period**, or, if elected, the **Extended Reporting Period**, for any **Wrongful Acts** taking place prior to the end of the **Policy Period.**

10. In Section II.D. of the Definitions section of the Policy, a Claim is defined as:

> 1. a written demand against the **Insured** for monetary damages, or, except with respect to insuring Agreement B Employment Practices Liability, non-monetary or injunctive relief;
>
> 2. a civil proceeding against the **Insured** seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading.

11. Under Section II.P. of the "Definitions" section in the Policy, Loss is defined as:

> **Loss** means the damages, judgments, any awards of pre-judgments and post-judgment interest, settlements and **Defense Costs** which the **Insured** becomes legally obligated to pay on account of any **Claim** first made against the **Insured** during the **Policy Period**…for **Wrongful Acts** to which this **Policy** applies…

3

12. Under Section X, "Defense and Settlement," the Policy states that:

> The **Insurer** shall, on a quarterly basis, advance on behalf of the **Insureds** covered **Defense Costs** which the **Insureds** have incurred in connection with **Claims** made against them, prior to disposition of such **Claims**.

### SIGMA CHI SENT NOTICES OF THE CLAIMS TO WESTCHESTER FIRE

13. On March 21, 2007, Sigma Chi submitted to Westchester Fire the underlying claim from IBM Credit. On April 2, 2007, Westchester Fire responded to Sigma Chi's submission of the claim by stating that it would determine its rights and obligations under the Westchester Fire Policy. On April 27, 2007, counsel for Sigma Chi made another demand for insurance coverage under the Policy, including defense costs regarding the IBM Credit claim. Subsequently, on June 1, 2007, Westchester Fire notified counsel for Sigma Chi that coverage under the Policy for the IBM Credit claim was denied. (See copy of June 1, 2007, letter attached as Exhibit A.)

14. On June 1, 2007, Sigma Chi sent notice to Westchester Fire of the underlying claims made by Incentra. On June 7, 2007, Westchester Fire acknowledged Sigma Chi's submission of the claim from Incentra against Sigma Chi. On June 15, 2007, Westchester Fire denied coverage under the Policy for the Incentra claim. On June 21, 2007, Plaintiff sent a letter to Westchester Fire and requested that it reconsider its denials. Subsequently, on July 26, 2007, Westchester Fire repeated its denial of coverage.

15. Following protests by Sigma Chi of Westchester Fire's denials of coverage, Westchester Fire eventually <u>withdrew</u> its previous denials of coverage regarding both IBM Credit's and Incentra's claims by letter dated September 17, 2007. Westchester Fire also agreed to meet with counsel for Sigma Chi and asked for a statement of costs incurred defending the

underlying claims. Subsequently, in mid-September 2007, counsel for Sigma Chi and counsel for Westchester Fire met to discuss the underlying IBM and Incentra claims. At this meeting, counsel for Sigma Chi gave to counsel for Westchester Fire a statement of legal costs incurred by Sigma Chi associated with the defense of the IBM and Incentra claims.

### WESTCHESTER FIRE REVERSES ITS DECISION TO COVER DEFENSE COSTS

16. In a letter to counsel for Sigma Chi, dated October 26, 2007, Westchester Fire reiterated its intention to withdraw the previous coverage letters denying coverage to Sigma Chi under the Policy. Westchester Fire also agreed to fund the reasonable and necessary costs, charges, fees and expenses in accordance with the terms and conditions of the Policy for the underlying IBM and Incentra claims. (See Copy of October 26, 2007, letter as Exhibit B).

17. On November 19, 2007, however, Westchester Fire reversed its prior promises to provide coverage of defense costs. Instead, it denied coverage yet again to Sigma Chi for the claims made by IBM Credit and Incentra under the Policy. Further, Westchester Fire stated that it would file a declaratory action. To date, it has failed to do so. Although Sigma Chi has repeatedly demanded payment, Westchester Fire has refused and continues to refuse to advance defense costs to Sigma Chi under the Policy.

### BREACH OF CONTRACT

18. Beginning in September 2007, Sigma Chi submitted bills to Westchester Fire for its legal defense fees and costs in connection with the defense of the Incentra and IBM claims. However, Westchester Fire has denied all of Sigma Chi's requests to pay the bills or indemnify it for payments made to their attorneys.

19. Westchester Fire has breached the Policy by denying coverage in the underlying matters and by failing to fund defense costs. The Policy is a valid contract and Sigma Chi has

complied with the requirements of the Policy by giving proper notice to Westchester Fire in accordance with the terms of the Policy. Further, Sigma Chi is current with its premium payments to Westchester Fire in accordance with the Policy. Sigma Chi is not in breach of the Policy.

20. Westchester Fire's denial of coverage and payment of defense costs under the terms of the Policy has caused damages to Sigma Chi and is vexatious and unreasonable. Therefore, in accordance with 215 ILCS 5/155, Sigma Chi Corporation and Sigma Chi Foundation are also entitled to their attorneys' fees and other costs plus at least $60,000.00 in exemplary statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs Sigma Chi Corporation and Sigma Chi Foundation respectfully pray that the Court enter judgment jointly and severally in their favor and against defendant Westchester Fire Insurance Company as follows:

1. Declare that Westchester Fire is in breach of the Policy for denying coverage and refusing to advance defense costs for the underlying claims.

2. Declare that Westchester Fire's denial of coverage and refusal to advance defense costs is vexatious and unreasonable under 215 ILCS 5/155.

3. Award attorneys' fees, other costs plus at least $60,000.00 to Sigma Chi Corporation and Sigma Chi Foundation in accordance with 215 ILCS 5/155 in an amount to be determined.

4. Order Westchester Fire to provide full coverage under the terms of the Policy and fund the Policy accordingly.

5. Grant such other and further relief which the Court deems just and reasonable.

        Respectfully submitted,

        <u>/s Michael T. Hannafan</u>
        MICHAEL T. HANNAFAN

        <u>/s Eric J. Malnar</u>
        ERIC J. MALNAR
        Attorneys for Plaintiffs Sigma Chi
        Foundation and Sigma Chi Corporation.

Dated:   February 4, 2008

Michael T. Hannafan
Blake T. Hannafan
Eric J. Malnar
Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
(312)527-0055