# EXHIBIT 2

MARK D. ANDERSON
MAUREEN A. BECK
LYNN E. CAGNEY
DANIEL G. COMAN
JAMES A. HOCHMAN*
JOHN A. LIPINSKY
THOMAS G. ODDO
JEFFREY R. PLATT
GEORGE S. WEEMS
Of Counsel
JUDITH L. KRANIC**
* Also admitted in Wisconsin
** Also admitted in Ohio

# COMAN & ANDERSON, P.C.
## ATTORNEYS AT LAW
2525 CABOT DRIVE
SUITE 300
LISLE, ILLINOIS 60532
TELEPHONE: (630) 428-2660
FACSIMILE: (630) 428-2549

THOMAS G. ODDO

PARTNER

TODDO@COMANANDERSON.COM

May 4, 2007

<u>Via facsimile (312) 527-0220 and
First Class Mail</u>

Mr. Blake T. Hannafan
Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601

Re: **Incentra Solutions v. Sigma Chi Foundation**

Dear Mr. Hannafan:

This firm represents Incentra Solutions of Illinois ("Incentra"). This letter serves as written notice that your client, Sigma Chi Foundation ("Sigma Chi"), has materially breached the May 31, 2006, Gridworks Master Services Agreement ("Agreement") between Incentra and Sigma Chi, as well as various Purchase Orders placed with Incentra by Sigma Chi, through its non-payment of amounts owed under the Agreement and the Purchase Orders. Specifically, your client owes Incentra a total of $108,459.93 as of the date of this letter. The amount owed is evidenced by the attached invoices, which your client has received and ignored without excuse. By this letter, Incentra demands that your client pay the entire balance owed within the next 30 days. If your client fails to make payment in full, Incentra will exercise its right to terminate all services provided under the Agreement. In addition, Incentra will file suit to collect all amounts owed, including interest, attorney's fees, and costs. Your client's immediate attention to this matter is required.

Although it is not relevant to the amount owed to Incentra by your client, I will address the issues raised in your client's <u>February 23, 2007, letter to my client</u>. Put bluntly, your client's contentions are not supported by fact or law. Your client's former IT Director, Daniel Walker, executed and bound Sigma Chi to numerous contracts and agreements on which your client has made payments and, therefore, acknowledged – not the least of which is the above-referenced Agreement. Both Incentra and IBM Credit, LLC ("IBM") have numerous, other documents that prove Mr. Walker's actual authority to enter into contracts on your client's behalf. Moreover, your client's payments on those contracts acknowledged and ratified Mr. Walker's actual authority to contractually bind your client.

Mr. Blake T. Hannafan
May 4, 2007
Page 2

However, Mr. Walker's actual or apparent authority to enter into the contracts disputed in your client's February 23, 2007, letter has absolutely no bearing whatsoever on your client's obligation to pay Incentra on the attached invoices. That issue, if it exists, is solely between your client and IBM. Your client cannot withhold payment on independent, undisputed contracts simply because it disputes separate, distinct contracts that it entered into with another party. Such a refusal is willful and vexatious and should subject your client to an award of statutory prejudgment interest. The award of prejudgment interest is in addition to the principal balance already owed, the contractually agreed interest, as well as the attorney's fees and costs your client will owe if this matter is litigated.

Please contact me immediately to make arrangements for payment of the outstanding amounts owed by your client within thirty days of the date of this letter.

Very truly yours,

Thomas G. Odes

Enclosures
cc: Incentra Solutions of Illinois (without enclosures)