# EXHIBIT 3-A

CIRCUIT COURT SUMMONS                                                   3101(Rev. 07/05)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

Network System Technologies, Inc.

PLAINTIFF

CASE NUMBER
**2007L000988**

VS.

Sigma Chi Corporation
  Please serve:
  **Sigma Chi Corporation, c/o Mark V Anderson**
  1714 Hinman Ave., Evanston, IL 60201

File Stamp Here

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the **Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois** within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court, and seal thereof at Wheaton, Illinois.

SEP 1 9 2007
Date

[signature]
of the Eighteenth Judicial Circuit

Name: Thomas G. Oddo      ☐ PRO SE
DuPage Attorney Number: 37666
Attorney for: Network System Technologies
Address: 2525 Cabot Drive, Suite 300
City/State/Zip: Lisle, IL 60532
Telephone: 630-428-2660

NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

Date of Service: 9-26-07
(To be inserted by officer on copy left with Defendant or other person.)

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707**

## SHERIFF'S RETURN

I certify that I served this summons on defendants as follows:
(Check appropriate box, and complete information below)

☐ (a) (Individual defendants ? personal):
By leaving a copy and a copy of the complaint with each individual defendant personally.

☐ (b) (Individual defendants ? abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode.

☐ (c) (Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐ (d) (Other services):

☐ (e) (Unable to serve): By _____ , Deputy, Badge No. _____

Name of Defendant _____        Name of Defendant _____

Name of Person
Summons given to _____         Name of Person
                                           Summons given to _____

Sex _____ Race _____ Approx. Age _____   Sex _____ Race _____ Approx. Age _____

Place of Service _____         Place of Service _____
_____           _____

Date of Service _____ Time _____     Date of Service _____ Time _____

Date of Mailing _____          Date of Mailing _____

_____          Sheriff of _____ County

                                           By _____ , Deputy

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, INC. d.b.a. INCENTRA SOLUTIONS OF ILLINOIS, an Illinois corporation,<br>Plaintiff,<br><br>vs.<br><br>SIGMA CHI FOUNDATION, a Colorado not-for-profit corporation; and SIGMA CHI CORPORATION, an Illinois not-for-profit corporation,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2007L000988<br>Case No.<br>Status Date: 12/17/07<br>Mgmt Date: 03/06/08<br>Assigned To: 2016 |

FILED
Sep 19 2007 - 16:06 PM
Chris Kachiroubas
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

## COMPLAINT AT LAW

NOW COMES the Plaintiff, NETWORK SYSTEM TECHNOLOGIES, INC. d.b.a. INCENTRA SOLUTIONS OF ILLINOIS, an Illinois corporation, by its attorneys, and for its Complaint at Law against Defendants, SIGMA CHI FOUNDATION, a Colorado not-for-profit corporation, and SIGMA CHI CORPORATION, an Illinois not-for-profit corporation, states as follows:

### Parties

1. Plaintiff, NETWORK SYSTEM TECHNOLOGIES, INC. is an Illinois corporation doing business under the assumed name, INCENTRA SOLUTIONS OF ILLINOIS ("NST"), with its principal place of business located at 2050-80 Finley Road, Village of Lombard, County of DuPage, and State of Illinois.

2. Upon information and belief, Defendant, SIGMA CHI FOUNDATION, is a Colorado not-for-profit corporation, with its principal place of business located at 1714 Hinman Avenue, Village of Evanston, County of Cook, and State of Illinois.

1

3. Upon information and belief, Defendant, SIGMA CHI CORPORATION, is an Illinois not-for-profit corporation, with its principal place of business located at 1714 Hinman Avenue, Village of Evanston, County of Cook, and State of Illinois. Collectively, Defendants shall be referred to as "Sigma Chi."

### Jurisdiction and Venue

4. Jurisdiction and venue rest with this Court because Plaintiff resides in DuPage County, Illinois; Defendants do business in DuPage County, Illinois; and, the events giving rise to the claims herein took place, at least in part, in DuPage County, Illinois.

### COUNT I
### (Breach of Gridworks Master Services Agreement)

5. On or about May 31, 2006, NST and Sigma Chi entered into a written contract entitled Gridworks Master Services Agreement ("GMS Agreement"), whereby NST agreed to provide Sigma Chi with, among other things, a storage monitor, alert, and notification service run by a network storage operations center located in Colorado. In exchange for said services, Sigma Chi agreed to pay NST certain recurring and non-recurring monthly fees pursuant to the terms of the GMS Agreement. Both Defendants benefited from the services rendered by NST under the GMS Agreement. See copy of GMS Agreement, as amended, attached hereto and made a part hereof as Exhibit "A."

6. The Initial Term of the GMS Agreement began July 1, 2006, and runs through July 1, 2009.

7. The GMS Agreement was negotiated by Sigma Chi's Director of Intellectual Technology, Daniel Walker, who signed and dated the GMS Agreement, and all amendments thereto, on behalf of Sigma Chi on or about June 8, 2006.

8.  From on or about July 1, 2006, through on or about October 31, 2006, Sigma Chi made monthly recurring payments of $3,895.00 to NST, as well as certain non-recurring monthly payments, all under the express terms of the GMS Agreement.

9.  From on or about November 1, 2006, through the present, Sigma Chi has failed and refused to make either the recurring or the non-recurring monthly payments to NST that are required by the GMS Agreement.

10. NST has satisfied all of its obligations under the GMS Agreement.

11. NST has made demand of Sigma Chi to make the outstanding monthly payments to NST due under the GMS Agreement.

12. Sigma Chi has failed and refused to make said payments, even after demand was made. Sigma Chi's failure and refusal to make the outstanding payments constitutes a material breach of the GMS Agreement.

13. Sigma Chi's refusal to make the outstanding payments is unreasonable and vexatious. NST is entitled to prejudgment interest on the outstanding payments at the rate of 5% per annum pursuant to 815 ILCS 205/2 as a result of Sigma Chi's unreasonable and vexatious delay of payment.

14. Pursuant to the GMS Agreement, which is subject to the laws of the State of Colorado, NST is entitled to recover its reasonable attorney's fees from Sigma Chi.

15. Further, NST is entitled to interest on the outstanding payments in the amount of 18% per annum.

16. As a result of Sigma Chi's breach of the GMS Agreement, NST has been damaged in the amount of, at least, $23,741.00, plus future lost profits through, at least,

3

July 1, 2009, plus contractual interest as it accrues, plus statutory prejudgment interest as it accrues, plus reasonable attorney's fees.

WHEREFORE, Plaintiff, NETWORK SYSTEM TECHNOLOGIES, INC. d.b.a. INCENTRA SOLUTIONS OF ILLINOIS, an Illinois corporation, prays that this Honorable Court enter judgment in its favor and against Defendants, SIGMA CHI FOUNDATION, a Colorado not-for-profit corporation, and SIGMA CHI CORPORATION, an Illinois not-for-profit corporation, jointly and severally, in the amount of, at least, $23,741.00, plus future lost profits through, at least, July 1, 2009, plus contractual interest as it accrues, plus statutory prejudgment interest as it accrues, plus reasonable attorney's fees, all costs of suit, and such further relief as this Court deems appropriate and just.

### COUNT II
### (Breach of Service Agreements)

17. NST restates and realleges paragraphs 1 through 4 above as and for its paragraph 17 of Count II as though fully stated herein.

18. In or about December of 2006, through February of 2007, NST provided certain labor and materials to Sigma Chi at the specific written requests of Sigma Chi through their Director of Intellectual Technology, Daniel Walker. The requests were made and accepted through purchase orders that were signed by Sigma Chi. The purchase orders constitute Service Agreements between the parties.

19. Pursuant to the Service Agreements, NST provided the following:

   a. A black Netshelter VX 25U enclosure with sides for an agreed upon price of $1,071.43.00, which was shipped to Sigma Chi on or about December 15, 2006;

4

    b.    A Red Hat Server conversion and the porting over of two SQL databases for an agreed upon price of $18,185.00, which services were provided to Sigma Chi in or about December of 2006;

    c.    IMW professional services relating to the TEK Systems Websphere project, which services were performed from in or about December of 2006, through in or about February of 2007, and which were billed at $59,200.00; and,

    d.    Supplemental service support for IMW-Pro-Serv-SE, which services were provided between January of 2007 and February 2007, and which were billed at $6,262.50.

20. NST has satisfied all of its obligations under the Service Agreements.

21. NST has made demand of Sigma Chi to make the outstanding payments due to NST for the labor and materials provided.

22. Sigma Chi has failed and refused to make said payments. Sigma Chi's failure and refusal to make the outstanding payments constitutes a material breach of the Service Agreements.

23. Sigma Chi's refusal to make the outstanding payments is unreasonable and vexatious. NST is entitled to prejudgment interest on the outstanding payments at the rate of 5% per annum pursuant to 815 ILCS 205/2 as a result of Sigma Chi's unreasonable and vexatious delay of payment.

24. As a result of Sigma Chi's breach of the Service Agreements, NST has been damaged in the amount of, at least, $84,718.93, plus statutory prejudgment interest as it accrues.

WHEREFORE, Plaintiff, NETWORK SYSTEM TECHNOLOGIES, INC. d.b.a. INCENTRA SOLUTIONS OF ILLINOIS, an Illinois corporation, prays that this Honorable Court enter judgment in its favor and against Defendants, SIGMA CHI FOUNDATION, a Colorado not-for-profit corporation, and SIGMA CHI CORPORATION, an Illinois not-for-profit corporation, jointly and severally, in the amount of, at least, $84,718.93, plus statutory prejudgment interest as it accrues, all costs of suit, and such further relief as this Court deems appropriate and just.

> NETWORK SYSTEM TECHNOLOGIES, INC. d.b.a. INCENTRA SOLUTIONS OF ILLINOIS, an Illinois corporation, Plaintiff,
>
> By: _____
> One of Its Attorneys

Thomas G. Oddo
Coman & Anderson, P.C.
2525 Cabot Drive, Suite 300
Lisle, Illinois 60532
(630) 428-2660
Attorney Code: 27738

6