# EXHIBIT 1

Case 1:08-cv-00767     Document 18-2     Filed 04/03/2008     Page 1 of 5

RYAN T. BROWN
RTBROWN@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
205 N. MICHIGAN AVENUE
SUITE 2560
CHICAGO, ILLINOIS 60601
PHONE: (312) 565-1400
FAX: (312) 565-6511
WWW.GORDONREES.COM

October 26, 2007

**VIA ELECTRONIC MAIL**

Blake T. Hannafan, Esq.
Hannafan & Hannafan, Ltd.
One East Wacker Drive
Suite 2800
Chicago, IL 60601

    Re:   *BILLING AND REPORTING GUIDELINES*
            Named Insured:   Sigma Chi Fraternity, et al.
            Claimants:   IBM Credit LLC; Incentra Solutions, Inc.
            Policy No.:   DON G21943885 002
            Policy Period:   September 28, 2006 to September 28, 2007
            ACE Claim Nos.:   JY07J0071577; JY07J0133903
            G&R Matter No.:   1046395

Dear Attorney Hannafan:

    As you know, Gordon & Rees LLP has been retained by Westchester Fire Insurance Company ("Westchester Fire") to address coverage issues presented by the above referenced claims ("Claims") brought by IBM Credit LLC and Incentra Solutions, Inc. against Sigma Chi Fraternity and Sigma Chi Foundation (collectively "Sigma Chi"). Further to the supplemental coverage letter issued under separate cover, below please find billing and reporting guidelines for this matter. Consistent with the terms and conditions of the Policy, the below guidelines constitute reasonable requests for information, assistance and cooperation.

    I.    BILLING GUIDELINES

        a.  Unless otherwise agreed, time should be billed in segments of 1/10th of an hour, with detailed descriptions of each separate task (i.e., do not block bill for all tasks during the day).

        b.  Your invoices should reflect the full name of each attorney/paralegal billing to the file, his or her status, hourly rate and number of hours expended during the calendar month.

Blake T. Hannafan, Esq.
DRAFT
Page 2

---

c. Please notify us in writing of any proposed rate increases at least sixty (60) days prior to their anticipated implementation.

d. Generally, we expect defense counsel to fund litigation costs and include them on their monthly invoices, attaching the supporting receipts/documentation. If this is likely to place an unreasonable financial burden on your firm, you should contact us to discuss.

e. Specific cost/expense disbursement guidelines are as follows:

   i. Air travel: You should travel only when necessary and only with our prior approval. In this connection, please obtain the lowest available coach/economy fare.

   ii. Hotel accommodation: You should stay at a reasonably priced business hotel, and costs must be kept to a reasonable level.

   iii. Mileage: Mileage shall be reimbursed at the rate currently approved by the IRS for business mileage reimbursement. The number of miles traveled should be noted on your monthly billing statement.

   iv. Meals: Dining expenses should be limited to travel unless otherwise agreed, and only reasonably priced meals and gratuity (no more than 18%) will be reimbursed.

   v. Photocopying: Photocopying should be charged as a cost on your monthly invoices, but no more than $.15 per page. Copying of bulk materials should be referred to an outside service when available at a more favorable rate. You must obtain our approval for any photocopying project where cost is expected to exceed $250.

   vi. Legal research: Specific research on defined issues should be charged as a cost. Our prior approval must be obtained to conduct any legal research in excess of two hours per month.

f. Overhead costs should not be billed to Westchester Fire as they are not reasonable and necessary costs, charges, fees and expenses Examples of overhead costs include word processing, data entry, stationery, clerical duties, such as creating a file, and time spend preparing monthly fee invoices or dealing with billing inquiries.

Blake T. Hannafan, Esq.
DRAFT
Page 3

II.   REPORTING GUIDELINES

   a. Consult with us on a regular basis about the status of the case and of your defense strategy. In this connection, Westchester Fire may request periodic updates from you, and we expect a response to same within three (3) business days.

   b. Communication by electronic mail for periodic updates, reports and billing statements/invoices (in Word or Adobe .pdf format) is preferred and encouraged, provided that you are satisfied that electronic mail is no less secure than transmission by facsimile. When a letter, report or bill is sent via electronic mail, please do not send a hard copy as well unless specifically requested by us.

   c. Provide us with a preliminary assessment of liability within fifteen (1) days of your receipt of this letter. This preliminary assessment of liability should include 1) a restatement of the allegations, 2) the Insured's position regarding same, including documentation supporting that position, 3) your initial assessment of potential liability, 4) a worst case assessment, and 5) an analysis of early resolution/settlement value.

   d. For matters in litigation, also provide us with a preliminary defense budget through summary judgment and/or trial within thirty (30) days of your receipt of the file. In this connection, we ask that you confirm or update the defense budget on a quarterly basis.

   e. Keep us informed of all pertinent briefing schedules, hearing dates, discovery and expert witness cut-off dates, and mediation or settlement conference dates.

   f. Provide us with copies of all relevant pleadings and correspondence, preferably scanned documents sent via electronic mail.

   g. Immediately advise us of any trial date set by the court.

   h. Immediately advise us of all settlement demands, and do not make any settlement offers without the Insurer's prior authorization as the Policy requires the Insurer's prior consent to any settlement of a covered Claim. In this connection, please contemporaneously document all negotiations, including all demands and offers of settlement.

Blake T. Hannafan, Esq.
DRAFT
Page 4

---

      i. Advise us if the Claim has been submitted to any other insurance carrier and/or if the Insured has any other insurance policy that may be applicable.

      j. Generally, we expect that the partner assigned to the case to be responsible for and attend all substantive motions, significant court hearings and key depositions.

      k. Please seek our approval before engaging in extensive interoffice conferences and/or billing for multiple attorneys to attend a deposition, meeting, or hearing.

      l. Finally, please consult with us and obtain our approval before:

           i. Engaging an investigator, consultant or expert.
          ii. Incurring the expense of videotaped deposition.
         iii. Entering into a cost sharing or joint defense agreement.
         iv. Initiating proceedings against other parties.
          v. Proceeding with any form of alternate dispute resolution.
         vi. Taking an appeal.

Nothing stated herein and no further action taken by Westchester Fire or on its behalf should be construed as a waiver of any of its rights under the Policy, at law or in equity. On the contrary, by providing this or any prior correspondence to Sigma Chi, engaging in any prior or future discussions with Sigma Chi regarding coverage and settlement, or paying or agreeing to pay any amount to or on behalf of Sigma Chi, Westchester Fire does not waive any rights that it has under the Policy, at law or in equity, including the right to seek reimbursement of any amounts paid in accordance with Section X.F. of the Policy.

If you or Sigma Chi have any questions regarding the above, please do not hesitate to contact me. We also invite you or Sigma Chi to provide us with any additional information or documentation that may be pertinent to Westchester Fire's review of coverage for this matter.

                                                        Very truly yours,

                                                        *s/ Ryan T. Brown*

                                                        Ryan T. Brown

RTB:ah

cc:    Robyn L. Dilts, Esq.
        ACE Westchester Specialty Group Claims

ACEW/1046395/5148207v.1