**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SIGMA CHI CORPORATION and <br> SIGMA CHI FOUNDATION | ) <br> ) <br> ) | CASE NO. 08 C 767 |
| Plaintiffs and Counter-Defendants, | ) <br> ) | Judge Ruben Castillo |
| vs. | ) <br> ) <br> ) | Magistrate Judge Arlander Keys |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) <br> ) <br> ) | **JURY TRIAL DEMANDED** |
| Defendant and Counter-Plaintiff. | ) | |

**JOINT STATUS REPORT**

**I.    NATURE OF THE CASE**

   **A.    Jurisdiction:** This Court has diversity jurisdiction matter pursuant to 28 USC §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

   **B.    Nature of Sigma Chi's Complaint:** Sigma Chi claims that Westchester Fire has breached the terms of the insurance contract by denying coverage and refusing to advance defense costs, including attorneys' fees, related to the claims brought by IBM Credit LLC fka IBM Credit Corporation and Network System Technologies, Inc. dba Incentra Solutions of Illinois (collectively, the "Underlying Claims"). Sigma Chi also states that Westchester Fire's counsel, on behalf of Westchester Fire, agreed in its September 17, 2007, letter to reimburse and advance Sigma Chi's defense fees and costs. To date, Westchester Fire has failed to do so. Finally, Sigma Chi states that Westchester Fire's actions and refusals to provide coverage and advance defenses costs are unreasonable or vexatious in violation of 215 ILCS 5/155.

   **C.    Nature of Westchester Fire's Counterclaim:** Westchester Fire maintains that there is no coverage for the Underlying Claims, Sigma Chi has been properly apprised of same, and there is no duty to advance defense costs under the Policy or otherwise. Further,

Westchester Fire maintains penalties under 215 ILCS 5/155 are unwarranted given that it has acted in utmost good faith in addressing coverage for the Underlying Claims.

D. **Relief Sought:** Sigma Chi seeks a declaration that Westchester Fire must provide full coverage for the Underlying Claims and fund the Policy accordingly, payment of Sigma Chi's defense costs, including attorneys' fees, related to the Underlying Claims, which are currently approximately $90,000 and continuing in nature. In addition, Sigma Chi seeks the maximum penalty, including its attorneys' fees and costs, available pursuant to 215 ILCS 5/155. Westchester Fire seeks a declaration from the Court it has no obligation to indemnify Plaintiffs for damages or defense expenses related to the Underlying Claims.

F. **Disputed Legal Issues:** The parties dispute whether coverage is available for the Underlying Claims under the insurance policy. The parties also dispute whether Westchester Fire is obligated to reimburse and advance defense costs pending a final determination regarding coverage. Finally, the parties dispute whether Westchester Fire's actions or delays are unreasonable or vexatious under 215 ILCS 5/155.

G. **Disputed Factual Issues:** Sigma Chi states that Westchester Fire has issued numerous policies with identical limited exclusionary language to various policyholders and, thus, its "typo" defense is meritless. In addition, Sigma Chi believes that Westchester Fire may dispute that its September 17, 2007, letter agreed to withdraw its prior coverage letters and agreed to reimburse and advance Sigma Chi's defense costs. Westchester Fire states that no factual issues exist and that all legal issues can be decided by the Court on a motion brought under Federal Rule of Civil Procedure 12(c) or a motion for summary judgment.

H. **Key Citations**

1. Sigma Chi's key citations include, among others, *Dotson v. Agency Rent-A-Car*, 101 Ill. App. 3d 804 (1st Dist. 1981); *Stark v. Illinois Emcasco Ins. Co.*, 373 Ill. App. 3d 804 (1st Dist. 2007); and *Blakely v. Federal Kemper Life Assur. Co.*, 267 Ill. App. 3d 100 (2nd Dist. 1994).

2. Westchester Fire's key citations include, among others, *Aetna Casualty &*

*Surety Co. v. Spancrete of Illinois, Inc.*, 726 F. Supp. 204, 206 (N.D. Ill. 1989) and *Golden Rule Ins. Co. v. Schwatz*, 203 Ill. 2d 456, 786 N.E.2d 1010 (2003).

## II.   PROPOSED SCHEDULING ORDER

| | |
|---|---|
| Deadline to add parties or amend pleadings | May 30, 2008 |
| Deadline for Rule 12(c) motions | June 16, 2008 |
| Completion of all fact discovery | August 29, 2008 |
| Deadline for filing summary judgment motions | September 30, 2008 |
| Exchange exhibit and witness list(s) | October 15, 2008 |
| Final Pretrial Conference | October 29, 2008 |
| Trial | November 17, 2008 |

## III.   TRIAL STATUS

Sigma Chi demanded a jury trial and it is estimated that it would last 3-5 days.

## IV.   MAGISTRATE JUDGE

The parties respectfully decline to have a magistrate preside over this matter.

## V.   SETTLEMENT STATUS

Prior settlement negotiations were unsuccessful, and settlement appears unlikely at the present time.

DATED:  April 24, 2008

                                        Respectfully submitted,

GORDON & REES LLP                        HANNAFAN & HANNAFAN, LTD.

By: /s/Ryan T. Brown                     By: /s/Blake T. Hannafan
   Ryan T. Brown                            Blake T. Hannafan
   One North Franklin                       One East Wacker Drive
   Suite 1800                                Suite 2800
   Chicago, Illinois 60606                   Chicago, IL 60601
   Tel:  (312) 565-1400                      Tel:  (312) 527-0055
   Fax:  (312) 565-6511                      Fax:  (312) 527-0220
   Attorneys for Westchester Fire            Attorneys for Sigma Chi Corporation
   Insurance Company                         and Sigma Chi Foundation