# EXHIBIT 5

# Ryan Brown

| | |
|---|---|
| **From:** | Ryan Brown |
| **Sent:** | Monday, November 19, 2007 3:39 PM |
| **To:** | 'Blake Hannafan' |
| **Subject:** | Corr and Draft DJ - Westchester Fire v. Sigma Chi |
| **Attachments:** | DJ Cover Letter w authority - Westchester Fire v. Sigma Chi.pdf; DRAFT - Complaint for Declaratory Judgment - Westchester Fire v. Sigma Chi.pdf |

Dear Blake,

Congrats on the new baby.

Further to our discussion, attached please find a draft of the dj. As we discussed, in light of the birth of your child on 11/22, this will confirm that we will hold off on filing the complaint until at least the week of December 3, 2007. In this connection, I will contact you before any complaint is filed to discuss acceptance of service.

I also have included a cover letter detailing the legal authority supporting Westchester Fire's position related to liability imposed by contract. The letter, read in conjunction with the dj, should address any unresolved issues we discussed this afternoon.

Please feel free to contact me should you have any questions or concerns regarding the above.

Regards,

Ryan

Ryan T. Brown
Gordon & Rees LLP
312-565-1400
312-565-6511 f

4/24/2008

RYAN T. BROWN (SBN: 6269256)
GARY A. COLLIS (SBN: TBD)
GORDON & REES LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 565-1400
Facsimile: (312) 565-6511

Attorneys for Plaintiff
WESTCHESTER FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, an Illinois corporation with its principal place of business in Illinois,<br><br>            Plaintiff,<br><br>vs.<br><br>SIGMA CHI FOUNDATION, a Colorado corporation with its principal place of business in Illinois, and SIGMA CHI CORPORATION, an Illinois corporation with its principal place of business in Illinois, and DOES 1 THROUGH 10,<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Westchester Fire Insurance Company ("Westchester Fire"), under the Federal Declaratory Judgment Act, 28 USC § 2201(a), brings this complaint for declaratory judgment against Defendants Sigma Chi Foundation and Sigma Chi Corporation, alleging:

### JURISDICTIONAL ALLEGATION

1.      This court has original jurisdiction under 28 USC § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

## VENUE

2.　　Venue is proper in the Northern District of Illinois in that Defendants Sigma Chi Foundation and Sigma Chi Corporation are subject to personal jurisdiction in this district at the time the action is commenced, and there is no district in which the action may otherwise be brought. (28 USC § 1391(a)(3)).

## THE PARTIES

3.　　Westchester Fire, at the time of both the filing of this action and at all relevant times mentioned herein was incorporated under the laws of the state of New York and has its principal place of business in New York. Westchester Fire is and at all relevant times mentioned herein an admitted carrier eligible to do business as an insurer in Illinois.

4.　　Westchester Fire is informed and believes, and thereupon alleges, that Sigma Chi Foundation is, and at all relevant times hereto was, incorporated under the laws of the state of Colorado, with its principal place of business located at 1714 Hinman Avenue in Evanston, Illinois in Cook County.

5.　　Westchester Fire is informed and believes, and thereupon alleges, that Sigma Chi Corporation is, and at all relevant times hereto was, incorporated under the laws of the state of Illinois, with its principal place of business located at 1714 Hinman Avenue in Evanston, Illinois in Cook County.

6.　　Westchester Fire is unaware of the true identities, roles or capacities, whether individual, corporate, or otherwise, of the defendants sued and identified herein as DOES 1 through 10, inclusive. At such time as the true identities, roles and capacities of said fictitiously named defendants become known to Westchester Fire, Westchester Fire will seek leave of this court to amend this complaint accordingly.

## THE UNDERLYING CLAIMS

7.　　IBM Credit LLC fka IBM Credit Corporation ("IBM Credit") and Network System Technologies, Inc. dba Incentra Solutions of Illinois ("Incentra") separately allege that Sigma Chi Foundation and/or Sigma Chi Corporation (collectively "Sigma Chi') owe damages based upon Sigma Chi's alleged breach of certain contracts for goods and services.

8.　　In a letter dated February 23, 2007, IBM Credit notified Sigma Chi that it was in default of certain lease/financing agreements (the "Underlying IBM Credit Claim"). In this connection, IBM Credit advised Sigma Chi that unpaid amounts on the account covering all lease/purchase contracts, totaling $1,490,604.00, were due and payable. IBM Credit demanded immediate payment of $71,805.00 and subsequent timely payments.

-2-
**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

9.  In a letter dated May 4, 2007, Incentra, through counsel, notified Sigma Chi that it was in default of the Gridworks Master Services Agreement and certain additional agreements and/or contracts. Incentra advised that Sigma Chi owed $108,459.93 as of the date of the letter.

10. On or about September 19, 2007, Incentra filed a lawsuit against Sigma Chi Foundation and Sigma Chi Corporation for breach of contract based upon Sigma Chi's non-performance under the above referenced contracts in the action entitled *Network System Technologies, Inc. v. Sigma Chi Foundation et al.* (Circuit Court of DuPage County, Case No. 2007L000988) (collectively, the May 4, 2007 demand letter and the lawsuit filed in DuPage County constitute the "Underlying Incentra Claim"). In the lawsuit, Incentra brings causes of action for Breach of the Gridworks Master Services Agreement and Breach of Service Agreements. Incentra requests damages of at least $84,718.93, plus statutory prejudgment interest, all costs of suit, and such further relief as the Court deems appropriate and just.

11. Together, the Underlying IBM Credit Claim and the Underlying Incentra Claim constitute the "Underlying Claims" that are the subject of this Complaint for Declaratory Judgment.

## THE WESTCHESTER FIRE POLICY

12. Westchester Fire issued Not-For-Profit Company Management Liability policy number DON G21943885 002 (the "Policy") to Sigma Chi Fraternity, et al. effective September 28, 2006 through September 28, 2007. The Policy has a $5,000,000 aggregate limit of liability and a $10,000 retention for each covered Claim.

13. Attached as Exhibit 1 and incorporated by reference herein is a true and correct copy of the Policy.

14. Pursuant to Endorsement Number 9 to the Policy, Sigma Chi Corporation and Sigma Chi Foundation are Named Insureds under the Policy.

15. The Policy includes Insuring Agreements for Management Liability, Employment Practices Liability, and Fiduciary Liability; however, Sigma Chi purchased coverage for Management Liability and Employment Practices Liability only.

16. Section I.A. of the Policy, the Insuring Agreement related to Management Liability, includes four subsections, specifically addressing coverage for Directors' and Officers' Liability, Company Reimbursement, Company Liability, and Outside Entity Directors' and Officer' Liability.

17. The Underlying Claims do not involve any actual or alleged wrongdoing by Insured Persons. Therefore, the insuring language in Section I.A.3. of the Policy addressing

-3-
**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

Company Liability is the only insuring language that arguably provides coverage for the Underlying Claims. In this connection, Section I.A.3. of the Policy provides:

> The **Insurer** shall pay the **Loss** of the **Company** which the **Company** becomes legally obligated to pay by reason of a **Claim** first made against it and reported to the **Insurer** during the **Policy Period** or, if elected, the **Extended Reporting Period**, for any **Wrongful Acts** taking place prior to the end of the **Policy Period**.

18. The Policy defines Wrongful Act, in relevant part, as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by… the **Company**, with respect to Insuring Agreement A3, **Company Liability**…"

19. Section II.P. of the Policy, as modified by Endorsement Number 13, provides, in relevant part:

> **Loss** means the damages, judgments, any award of pre-judgment and post-judgment interest, settlements and **Defense Costs** which the **Insured** becomes legally obligated to pay on account of any **Claim** first made against the **Insured** during the **Policy Period** or, if elected, the **Extended Reporting Period**, for **Wrongful Acts** to which this **Policy** applies…
>
> \*   \*   \*
>
> **Loss** does not include:
>
> 1. any amount for which the **Insured** is not financially liable or legally obligated to pay;
>
> \*   \*   \*
>
> 5. matters uninsurable under the laws pursuant to which this **Policy** is construed;
>
> \*   \*   \*
>
> 7. solely with respect to Insuring Agreement A, Management Liability:
>
>    a. any amount that represents or is substantially equivalent to disgorgement, restitution or recession damages, or forfeiture of any profits or remuneration;

20. The exclusionary language in Section III.L.1. of the Policy, addressing coverage for Management Liability, provides that Westchester Fire shall not be liable for Loss on account of any Claim:

-4-
**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

Gordon & Rees LLP
205 N. Michigan
Suite 2560
Chicago, Illinois 60601

alleging, based upon, arising out of, or attributable to the actual or alleged breach of any oral, written, express or implied contract or agreement. However, this exclusion shall not apply to the extent that liability would have attached to the **Company** in the absence of such contract or agreement, or where such **Claim** is covered entirely under Insuring Agreement A1, Directors' and Officers' Liability, and A2, **Company** Reimbursement, and no part of such **Claim** is covered under Insuring Agreement A3, **Company** Liability.

21. Pursuant to Section X. of the Policy, DEFENSE AND SETTLEMENT, the duty to defend the Underlying Claims lies with Sigma Chi, not Westchester Fire. Accordingly, the Policy provides indemnity coverage only.

22. Section X.F. of the Policy specifically provides for Westchester Fire's right to seek reimbursement of defense costs paid by Westchester Fire to the extent that there is no coverage under the Policy for the Underlying Claims.

### THE TENDER, RESPONSE AND RESERVATION OF RIGHTS

23. On or about March 21, 2007, Sigma Chi tendered the Underlying IBM Credit Claim to Westchester Fire under the Policy.

24. On or about June 1, 2007, Sigma Chi, through counsel, tendered the Underlying Incentra Claim to Westchester Fire under the Policy.

25. On or about June 1, 2007, Westchester Fire issued a declination of coverage letter regarding the Underlying IBM Credit Claim.

26. On or about June 15, 2007 Westchester Fire issued a declination of coverage letter regarding the Underlying Incentra Claim.

27. On or about June 21, 2007, Sigma Chi contested Westchester Fire's declinations of coverage for the Underlying Claims, arguing against the application of Section III.L.1. of the Policy and making various additional, vague arguments for actual and/or potential coverage.

28. On or about July 26, 2007, Westchester Fire provided Sigma Chi with a supplemental coverage letter detailing the various reasons why coverage was precluded for the Underlying Claims. Westchester Fire's July 26, 2007 letter included a comprehensive reservation of Westchester Fire's rights, remedies and defenses. Further, Westchester Fire invited Sigma Chi to attempt to resolve this dispute in accordance with Section XXII. of the Policy addressing Alternative Dispute Resolution.

**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

29. On or about September 17, 2007, Westchester Fire agreed to withdraw the prior declinations of coverage pending additional investigation and/or the receipt of additional information and documentation from Sigma Chi related to the Underlying Claims.

30. On or about September 27, 2007, Sigma Chi provided Westchester Fire with the lawsuit filed by Incentra in DuPage County.

31. In early October 2007, Sigma Chi tendered a statement of defense expenses to Westchester Fire for payment.

32. On or about October 26, 2007, Westchester Fire issued a comprehensive supplemental coverage letter to Sigma Chi, including a mutual non-waiver agreement and a reservation of rights regarding the parties' right to seek declaratory judgment. Further, pursuant to the language of Section X. of the Policy, Westchester Fire reserved the right to seek reimbursement of any fees and costs paid by Westchester Fire in defending the Underlying Claims.

## COUNT I

**(Declaratory Judgment Against Sigma Chi Foundation and Sigma Chi Corporation that there is No Duty to Indemnify for the Underlying Claims)**

33. Westchester Fire incorporates by reference the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34. An actual controversy has arisen between the parties with regard to the extent of their respective rights and obligations under the Policy and applicable law. It is Westchester Fire's position that it has no duty to indemnify either Sigma Chi Foundation or Sigma Chi Corporation for any damages or defense expenses related to the Underlying Claims because 1) the liability Policy does not cover liability imposed by contract, 2) the Underlying Claims do not allege a Wrongful Act as defined by the Policy, 3) the damages sought by IBM Credit and Incentra do not constitute Loss as defined by the Policy, 4) Section III.L. of the Policy specifically excludes coverage for the Underlying Claims, and 5) strong public policy considerations preclude coverage for the Underlying Claims.

**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

35.   Westchester Fire is informed and believes, and on that basis alleges, that Sigma Chi contends that Westchester Fire has a duty to indemnity Sigma Chi for damages and defense expenses related to the Underlying Claims.

36.   Westchester Fire desires a judicial determination pursuant of the respective rights and duties of the parties and a declaration that its contentions as set forth above are correct. Such judicial determinations and declarations are necessary and proper at this time in order that all the parties will be bound by the same interpretation of the Policy and applicable law and may determine their rights and obligations among themselves.

WHEREFORE, Westchester Fire prays for judgment as set forth below.

## REQUEST FOR RELIEF

WHEREFORE, Westchester Fire prays for judgment against defendants, as follows:

1.   That this Court find and declare that Westchester Fire has no obligation to indemnify either Sigma Chi Foundation or Sigma Chi Corporation for damages or defense expenses related to the Underlying IBM Credit Claim.

2.   That this Court find and declare that Westchester Fire has no obligation to indemnify either Sigma Chi Foundation or Sigma Chi Corporation for damages or defense expenses related to the Underlying Incentra Claim.

3.   That this Court find and declare that the Policy does not cover liability imposed by contract;

4.   That this Court find and declare that the Underlying IBM Credit Claim does not allege a Wrongful Act as defined by the Policy;

5.   That this Court find and declare that the Underlying Incentra Claim does not allege a Wrongful Act as defined by the Policy;

6.   That this Court find and declare that the damages sought by IBM Credit in the Underlying IBM Credit Claim do not constitute Loss as defined by the Policy;

7.   That this Court find and declare that the damages sought by Incentra in the Underlying Incentra Claim do not constitute Loss as defined by the Policy;

8.   That this Court find and declare that coverage is excluded for the Underlying IBM

**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

Credit Claim based upon Section III.L. of the Policy;

9. That this Court find and declare that coverage is excluded for the Underlying Incentra Claim based upon Section III.L. of the Policy;

10. That this Court find and declare that coverage is precluded for liability imposed by contract as a matter of public policy;

11. That this Court find and declare that any agreement to between the parties to fund defense expenses is moot given that there is no coverage for the Underlying Claims and the Policy specifically provides that Westchester Fire would be entitled to full repayment of the subject defense expenses.

12. For such other relief as this Court deems just and proper under the circumstances.

Dated: November ___, 2007                         GORDON & REES LLP


                                                  By:_____
                                                      Ryan T. Brown
                                                      Gary A. Collis
                                                      Attorneys For Plaintiff
                                                      Westchester Fire Insurance Company

-8-
**WESTCHESTER FIRE'S COMPLAINT FOR DECLARATORY JUDGMENT**

# EXHIBIT 1