# EXHIBIT 6-2

XVII.    TERRITORY AND VALUATION

A.    All premiums, Retentions, **Loss** and other amounts under this **Policy** are expressed and payable in the currency of the United States of America.  If judgment is rendered, settlement is denominated or another element of **Loss** under this **Policy** is stated in a currency other than United States of America dollars, payment under this **Policy** shall be made in United States dollars at the applicable rate of exchange as published in *The Wall Street Journal* as of the date the final judgment is reached, the amount of the settlement is agreed upon or the other element of **Loss** is due, respectively or, if not published on such date, the next date of publication of *The Wall Street Journal.*

B.    Coverage under this **Policy** shall extend to **Wrongful Acts** taking place or **Claims** made anywhere in the world.

XVIII.    SUBROGATION

In the event of any payment under this **Policy**, the **Insurer** shall be subrogated to the extent of such payment to all the rights of recovery of the **Insureds**.  The **Insureds** shall execute all papers required and shall do everything necessary to secure and preserve such rights, including the execution of such documents necessary to enable the **Insurer** effectively to bring suit or otherwise pursue subrogation rights in the name of the **Insureds.**

XIX.    ACTION AGAINST THE **INSURER** AND BANKRUPTCY

Except as provided in section XXII, Alternative Dispute Resolution, no action shall lie against the **Insurer**.  No person or organization shall have any right under this **Policy** to join the **Insurer** as a party to any action against any **Insured** to determine the  liability of the **Insured** nor shall the **Insurer** be impleaded by any **Insured** or its legal representatives.  Bankruptcy or insolvency of any **Insured** or of the estate of any **Insured** shall not relieve the **Insurer** of its obligations nor deprive the **Insurer** of its rights or defenses under this **Policy.**

XX.    AUTHORIZATION CLAUSE

By acceptance of this **Policy**, the **Named Insured** agrees to act on behalf of all **Insureds** with respect to the giving and receiving of notice of **Claim** or termination, the payment of premiums and the receiving of any return premiums that may become due under this **Policy**, the agreement to and acceptance of endorsements, and the giving or receiving of any other notice provided for in this **Policy**, and the **Insureds** agree that the **Named Insured** shall so act on their behalf.

XXI.    ALTERATION, ASSIGNMENT AND HEADINGS

A.    No change in, modification of, or assignment of interest under this **Policy** shall be effective except when made by a written endorsement to this **Policy** which is signed by an authorized representative of the **Insurer.**

B.    The titles and headings to the various parts, sections, subsections and endorsements of this **Policy** are included solely for ease of reference and do not in any way limit, expand or otherwise affect the provisions of such parts, sections, subsections or endorsements.

XXII.    ALTERNATIVE DISPUTE RESOLUTION

The **Insureds** and the **Insurer** shall submit any dispute or controversy arising out of or relating to this **Policy** or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process described in this section.

Either an **Insured** or the **Insurer** may elect the type of ADR process discussed below; provided, however, that the **Insured** shall have the right to reject the choice by the **Insurer** of the type of ADR process at any time prior to its commencement, in which case the choice by the **Insured** of ADR process shall control.

There shall be two choices of ADR process: (1) non-binding mediation administered by any mediation facility to which the **Insurer** and the **Insured** mutually agree, in which the **Insured** and the **Insurer** shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing

000021

commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the Insured and the **Insurer** mutually agree, in which arbitration panel shall consist of three disinterested individuals.  In either mediation or arbitration, the mediator or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute.  In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the award of the arbitrators shall not include attorneys' fees or other costs.  In the event of mediation, either party shall have the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation shall be deemed concluded or terminated. In all events, each party shall share equally the expenses of the ADR process.

Either ADR process may be commenced in New York, New York or in the state indicated in Item 1 of the Declarations as the principal address of the **Named Insured**.  The **Named Insured** shall act on behalf of each and every **Insured** in connection with any ADR process under this section.

XXIII.    INTERPRETATION

The terms and conditions of this **Policy** shall be interpreted and construed in an evenhanded fashion as between the parties.  If the language of this **Policy** is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant terms and conditions of this **Policy**, without regard to authorship of the language, without any presumption or arbitrary interpretation or construction in favor of either the **Insureds** or the **Insurer** and without reference to the reasonable expectations of either the **Insureds** or the **Insurer**.

000022

# POLICYHOLDER DISCLOSURE NOTICE
## OF TERRORISM INSURANCE COVERAGE

| Named Insured<br>**Sigma Chi Fraternity, et al** | | | Endorsement Number<br>**1** |
|---|---|---|---|
| Policy Symbol<br>**DON** | Policy Number<br>**G21943885 002** | Policy Period<br>**09/28/2006  to 09/28/2007** | Effective Date of Endorsement<br>**09/28/2006** |
| Issued By (Name of Insurance Company)<br>**Westchester Fire Insurance Company** | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

You are hereby notified that under the Terrorism Risk Insurance Extension Act of 2005 ("Extension Act"), you now have the right to purchase insurance coverage for losses resulting from acts of terrorism, as defined in Section 102(1) of the Extension Act: The term "act of terrorism" means any act that is certified by the Secretary of the Treasury - in concurrence with the Secretary of State and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

Coverage of "acts of terrorism" as defined by the Extension Act will be provided for the period from the effective date of your new or renewal policy through the earlier of the policy expiration date or December 31, 2007.  Effective December 31, 2007, the Terrorism Risk Insurance Program of the Extension Act expires.

YOU SHOULD KNOW THAT WHERE COVERAGE IS PROVIDED BY THIS POLICY FOR LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM, SUCH LOSSES MAY BE PARTIALLY REIMBURSED BY THE UNITED STATES GOVERNMENT UNDER A FORMULA ESTABLISHED BY FEDERAL LAW.  UNDER THIS FORMULA, THE UNITED STATES GOVERNMENT GENERALLY PAYS 90% (85% IN 2007) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLY PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE.  THE PREMIUM CHARGED FOR THIS COVERAGE IS PROVIDED BELOW AND DOES NOT INCLUDE ANY CHARGES FOR THE PORTION OF LOSS COVERED BY THE FEDERAL GOVERNMENT UNDER THE EXTENSION ACT.

Terrorism Risk Insurance Extension Act premium: $ 0-Included

_____
Authorized Agent

TRIA11a (02/06)

**THIS ENDORSEM~~~ CHANGE~~~HE POLICY. PLEAS~~~ ~D IT CAREF~~~Y.**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 2 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006 to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| Westchester Fire Insurance Company |

## EXTENDED REPORTING PERIOD - ILLINOIS

It is agreed that Section VI. Extended Reporting Period is amended as follows:

A. Paragraph A is deleted in its entirety and replaced with the following:

If the **Insurer** or the **Named Insured** terminates or does not renew this **Policy**, the **Named Insured** shall have a right, upon payment of additional premium as provided described below, to a continuation of coverage granted by this **Policy** for the **Extended Reporting Period** of one year following the effective date of such termination or nonrenewal, but only with respect to **Claims** first made during the **Extended Reporting Period** and arising from **Wrongful Acts** taking place prior to the effective date of such termination or nonrenewal. This right to continue coverage shall lapse unless written notice of such election is given by the **Named Insured** to the **Insurer** within 30 days following the effective date of termination or nonrenewal. A change in policy terms, conditions, exclusions and/or premiums shall not be considered a nonrenewal for purposes of triggering the rights to the **Extended Reporting Period**.

B. Paragraph B. is deleted in its entirety and replaced by the following:

The premium for the one year **Extended Reporting Period** shall be 100% of the immediately preceding annual premium. Such premium shall be paid by the **Named Insured** to the **Insurer** at the time the **Named Insured** elects to purchase the Extended Reporting Period, but not more then 30 days following the effective date of termination or nonrenewal. The **Extended Reporting Period** is not cancelable and the entire premium for the **Extended Reporting Period** shall be deemed fully earned and non-refundable upon payment.

All other terms and conditions remain unchanged.

_____

AUTHORIZED REPRESENTATIVE

D&O IL 001 (03/04)
(For D&O, Side A, Corp., NFP & Priv.)
PF-14810a (04/04)

© ACE USA, 2004

Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 3 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | 09/28/2006 |
| Issued By (Name of Insurance Company) | | | |
| Westchester Fire Insurance Company | | | |

## AMENDATORY ENDORSEMENT - ILLINOIS

I.    The definition of **Defense Costs** under Section II. of the **Policy**, DEFINITIONS is amended by adding the following:

   **Defense Costs** also do not include unallocated, routine and ongoing expenses such as the salaries for the **Insured's** and **Insurers** staff attorneys.

II.   The definition of **Loss** under Section II. of the **Policy**, DEFINITIONS is deleted in its entirety and replaced with the following:

   **Loss** means the damages, judgments, any award of pre-judgment and post-judgment interest, settlements and **Defense Costs** which the **Insured** becomes legally obligated to pay on account of any **Claim** first made against any **Insured Person** during the **Policy Period** or, if elected, the **Extended Reporting Period**, for **Wrongful Acts** to which this **Policy** applies.  **Loss** does not include:

   1.   any amount for which the **Insured** is not financially liable or legally obligated to pay;

   2.   taxes, fines or penalties;

   3.   punitive or exemplary damages or the multiple portion of any multiplied damage award;

   4.   any amount incurred by any **Insured Person** in a proceeding or investigation that is not at that time a **Claim**, even if such amount also benefits the defense of a **Claim** and even if such proceeding or investigation subsequently gives rise to a **Claim;**

   5.   any amount incurred by the **Company**, including its board of directors or any committee of the board of directors, in connection with the investigation or evaluation of any **Claim** or potential **Claim** by or on behalf of the **Company;**

   6.   matters uninsurable under the laws pursuant to which this **Policy** is construed;

   7.   any reimbursement required pursuant to the Sarbanes-Oxley Act of 2002 and any amendments there to, or any other type of reimbursement of disgorgement.

All other terms and conditions remain unchanged.

_____

AUTHORIZED REPRESENTATIVE

D&O IL 015 (03/04)
(For D&O Policy)
PF-15472a  (06/04)                    © ACE USA, 2004                    Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured<br>**Sigma Chi Fraternity, et al** | | | Endorsement Number<br>**4** |
|---|---|---|---|
| Policy Symbol<br>**DON** | Policy Number<br>**G21943885 002** | Policy Period<br>**09/28/2006  to 09/28/2007** | Effective Date of Endorsement<br>**09/28/2006** |
| Issued By (Name of Insurance Company)<br>**Westchester Fire Insurance Company** | | | |

## AAI AMENDATORY ENDORSEMENT – ILLINOIS

It is agreed that Section XIX, Action Against the **Insurer,** is amended by deleting "Except as provided in Section XXII, Alternative Dispute Resolution, no action shall lie against the **Insurer**.", and inserting "No action shall lie against the **Insurer** unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this **Policy**."

It is further agreed that Section XXII, Alternative Dispute Resolution, is amended by deleting "The **Insureds** and the **Insurer** shall submit" from the first paragraph and inserting "The **Insureds** and the **Insurer** may submit"

All other terms and conditions remain unchanged.

_____

AUTHORIZED REPRESENTATIVE

000026

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured<br>**Sigma Chi Fraternity, et al** | | | Endorsement Number<br>**5** |
|---|---|---|---|
| Policy Symbol<br>**DON** | Policy Number<br>**G21943885 002** | Policy Period<br>**09/28/2006  to 09/28/2007** | Effective Date of Endorsement<br>**09/28/2006** |
| Issued By (Name of Insurance Company)<br>**Westchester Fire Insurance Company** | | | |

## OTHER INSURANCE CLAUSE – ILLINOIS

It is agreed that Section XII, Other Insurance, is deleted in its entirety and replaced with the following

XII.    **OTHER INSURANCE**

If any **Loss** covered under this **Policy** is covered under any other valid insurance, then this **Policy** shall share with such other valid insurance, subject to this **Policy's** terms and conditions, as follows:

1.  If all the other insurance permits contribution by equal shares, the **Insurer** will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the **Loss** remains, which ever comes first; or

2.  If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

All other terms and conditions remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

DO-IL 014 (12/03)
PF-15476 (04/04)                    © ACE USA, 2004                    Page 1 of 1

000027

THIS ENDORSE       CHANGES THE POLICY.  PLEASE       D IT CAREFULLY.

| Named Insured | | | | Endorsement Number |
|---|---|---|---|---|
| Sigma Chi Fraternity, et al | | | | 6 |
| Policy Symbol | Policy Number | Policy Period | | Effective Date of Endorsement |
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | | 09/28/2006 |
| Issued By (Name of Insurance Company) | | | | |
| Westchester Fire Insurance Company | | | | |

## AMENDMENT OF TERMINATION PROVISION – ILLINOIS

With respect to provisions for cancellation by the **Insurer**, Section XVI, Termination of the **Policy**, subsection A is deleted in its entirety and replaced with the following:

XVI.    TERMINATION OF THE **POLICY**

    A.   This **Policy** shall terminate at the earliest of the following times:

      1.   the effective date of termination specified in a prior written notice by the **Named Insured** to the **Insurer**;

      2.   30 days after receipt by the **Named Insured** of a written notice of termination, stating the reason for cancellation, from the **Insurer**, if this **Policy** has been in effect for 60 days or less;

      3.   60 days after receipt by the **Named Insured** of a written notice of termination, stating the reason for cancellation, from the **Insurer**, if this **Policy** has been in effect for 61 days or more;

      4.   10 days after receipt by the **Named Insured** of a written notice of termination from the **Insurer** for failure to pay a premium when due, unless the premium is paid within such 10 day period.  If such cancellation is for failure to pay premium when due upon inception, such cancellation shall be effective retroactive to policy inception;

      5.   upon expiration of the **Policy Period** as shown in Item 2 of the Declarations; or

      6.   at such other time as may be agreed upon by the **Insurer** and the **Named Insured**.

All other terms and conditions remain unchanged.

_____

AUTHORIZED REPRESENTATIVE

000028



THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

| Named Insured | | | | Endorsement Number |
|---|---|---|---|---|
| Sigma Chi Fraternity, et al | | | | 7 |
| Policy Symbol | Policy Number | Policy Period | | Effective Date of Endorsement |
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | | 09/28/2006 |
| Issued By (Name of Insurance Company) | | | | |
| Westchester Fire Insurance Company | | | | |

### 30 Day Post Policy Reporting Endorsement

It is agreed that Section IX, Notice, is amended by deleting subsection A in its entirety and inserting the following:

    A.  The **Insureds** shall, as a condition precedent to their rights under this **Policy**, give to the **Insurer** written notice of any **Claim** made against the **Insureds** as soon as practicable:

        (1)   during the **Policy Period** or, if elected, the **Extended Reporting Period**, or

        (2)   within 30 days after the end of the **Policy Period** or, if elected, the **Extended Reporting Period**, as long as such **Claim** was first made against an **Insured** within the final 30 days of the **Policy Period** or **Extended Reporting Period**.

All other terms and conditions of this **Policy** remain unchanged.

_____
                 Authorized Representative

000029

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured | Endorsement Number |
|---|---|
| Sigma Chi Fraternity, et al | 8 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| Westchester Fire Insurance Company |

### Amended Premium-Discovery Period

It is agreed that:

1.  Item 6 of the Declarations is amended by deleting this section its entirety and inserting the following:

> Policy Premium:    $14,000
> Annual Premium:    $14,000
>
> **Extended Reporting Period:**
> A.  Additional Premium:   100   %   of Annual Premium
> B.  Additional Period:   12   months

2.  Section VI, **Extended Reporting Period**, is amended at subsection B, by deleting the first sentence and inserting the following:

> The premium due for the one year **Extended Reporting Period** shall be 100% of the annual premium.  Such premium shall be paid by the **Named Insured** to the **Insurer** within 10 days following the date of notice by the **Insurer** of the premium due.

All other terms and conditions of this **Policy** remain unchanged.

_____
Authorized Representative

000030

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured Sigma Chi Fraternity, et al | | | Endorsement Number 9 |
|---|---|---|---|
| Policy Symbol DON | Policy Number G21943885 002 | Policy Period 09/28/2006 to 09/28/2007 | Effective Date of Endorsement 09/28/2006 |
| Issued By (Name of Insurance Company) Westchester Fire Insurance Company | | | |

## Named Insured

It is agreed that Section II of the **Policy**, Definitions, is amended by adding the following to the definition of **Named Insured**:

Sigma Chi Corporation dba Sigma Chi Fraternity
Sigma Chi Foundation
Risk Management Foundation
Constantine Capital, LLC
All Chapters, Colonies, House Corporations, Alumnae Chapters, and Associations sanctions by Sigma Chi Fraternity

All other terms and conditions of this **Policy** remain unchanged.

_____
Authorized Representative

000031

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 10 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| Westchester Fire Insurance Company |

### Cancellation by Insurer

It is agreed that Termination of **Policy** is amended at subsection A by deleting paragraph 2 in its entirety.

All other terms and conditions of this **Policy** remain unchanged.

_____

Authorized Representative

PF-14906 (11/03) PN                      © ACE USA, 2003                      Page 1 of 1

000032

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 11 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006  to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| Westchester Fire Insurance Company |

### Professional Services Exclusion - General Professional Services

It is agreed that Section III, Exclusions, is amended by adding the following:

The **Insurer** shall not be liable for **Loss** on account of any **Claim**:

- alleging, based upon, arising out of, or attributable to the rendering or failure to render professional services.

All other terms and conditions of this **Policy** remain unchanged.

_____
Authorized Representative

000033

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured Sigma Chi Fraternity, et al | | | Endorsement Number 12 |
|---|---|---|---|
| Policy Symbol DON | Policy Number G21943885 002 | Policy Period 09/28/2006 to 09/28/2007 | Effective Date of Endorsement 09/28/2006 |
| Issued By (Name of Insurance Company) Westchester Fire Insurance Company | | | |

## Professional Services Exclusion - Insurance Agent or Broker

It is agreed that Section III, Exclusions, is amended by adding the following:

The **Insurer** shall not be liable for **Loss** on account of any **Claim**:

- alleging, based upon, arising out of, or attributable to the rendering or failure to render professional services in connection with the **Insured's** business as insurance agents or brokers. Such professional services shall include, without limitation, the negotiation of insurance contracts; collection or remittance of premiums; rendering of advice concerning limits of liability, deductible, terms, conditions, application of exclusions, scope of coverage, types of coverages or forms to be carried; the rendering of loss control services; or any advice by the **Insureds** in connection with any of the foregoing.

All other terms and conditions of this **Policy** remain unchanged.

---

Authorized Representative

000034

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 13 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006 to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| **Westchester Fire Insurance Company** |

### Punitive and Exemplary Damages-All Insuring Agreements

It is agreed that Section II, Definitions, the definition of **Loss**, is amended as follows:

1.      Paragraph 3 is deleted in its entirety and the following is inserted:

    3.   the multiple portion of any multiplied damage award.

2.      The following is added at the end of the definition of **Loss**:

    **Loss** shall include punitive and exemplary damages to the extent such damages are insurable under the internal laws of any jurisdiction which most favors coverage for such punitive or exemplary damages and which has a substantial relationship to the **Insureds**, **Insurer**, this **Policy** or such **Claim**.

All other terms and conditions of this **Policy** remain unchanged.

_____

Authorized Representative

000035



# SIGNATURE ENDORSEMENT



| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Sigma Chi Fraternity, et al | | | 14 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| DON | G21943885 002 | 09/28/2006 to 09/28/2007 | 09/28/2006 |

| Issued By (Name of Insurance Company) |
|---|
| Westchester Fire Insurance Company |

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**BANKERS STANDARD FIRE AND MARINE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**BANKERS STANDARD INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**ACE INDEMNITY INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**ACE AMERICAN INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**ACE PROPERTY AND CASUALTY INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**INSURANCE COMPANY OF NORTH AMERICA**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**PACIFIC EMPLOYERS INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**ACE FIRE UNDERWRITERS INSURANCE COMPANY**
436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

GEORGE D. MULLIGAN, Secretary          JOHN J. LUPICA, President

**WESTCHESTER FIRE INSURANCE COMPANY**
1325 Avenue of the Americas, 19th Floor, New York, NY 10019

GEORGE D. MULLIGAN, Secretary          DENNIS A. CROSBY, JR., President

_____
Authorized Agent

CC-1K11e (02/06) Ptd. in U.S.A

     

**ace usa**

# Questions About Your Insurance?

Answers to questions about your insurance, coverage information, or assistance in resolving complaints can be obtained by calling ACE USA, Customer Support Service Department, at 1-800-352-4462.

ALL-5X45 (11/96) Ptd. in U.S.A.



ace usa

# U.S. Treasury Department's Office Of Foreign Assets Control ("OFAC") Advisory Notice to Policyholders

This Policyholder Notice shall not be construed as part of your policy and no coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

000038

# HANNAFAN & HANNAFAN, LTD.

One East Wacker Drive
Suite 1208
Chicago, Illinois 60601
(312) 527-0055
Fax: (312) 527-0220

www.hannafanlaw.com

June 21, 2007

Via Certified Mail
Return Receipt Requested
And Electronic Mail

Robyn L. Dilts
ACE Westchester Specialty
Group Claims
500 Colonial Center Parkway
Suite 200
Roswell, GA. 30076

Re:  Sigma Chi Fraternity and Sigma Chi Foundation: Policy Number DON G21943885
002 and Claim Number J Y07J0071577

Dear Ms. Dilts:

We are in receipt of your June 1, 2007, letter denying coverage to our client Sigma Chi
Fraternity under Policy No. DON G21943885 001. A few points of clarification are necessary.
My understanding is that the policy at issue is Policy No. DON G21943885 *002*, not 001. ("the
Policy"). In addition, we represent Sigma Chi Fraternity and Sigma Chi Foundation, both of
which are covered under the Policy, and both entities are demanding coverage under the Policy
with regards to the Claims made by IBM Credit and, subsequently, Incentra Solutions, Inc. On
June 1, 2007, I sent you a copy of Mr. Mark V. Anderson's demand for coverage regarding
Incentra Solutions, Inc.'s threatened lawsuit.

We have reviewed your June 1, 2007, letter and, as I discussed with you several weeks
ago, we disagree with Westchester Fire's interpretation of the Policy's terms and exclusions. In
particular, your interpretation and application of Policy Section III. L. 1 is simply wrong and
lacks support based on the plain language of the Policy. As I explained to you before, the
alleged exclusion under Paragraph L. 1 is specifically limited to "Insuring Agreement A,
**Directors' and Officers' Liability.**" (emphasis added). Based on the clear and unambiguous
language this alleged exclusion does not and cannot be applied to Policy Section I. Insuring
Agreements A.2-A.4 and, more specifically, does not and cannot apply to Policy Section I. A.3
"Company Liability" which is at issue regarding the IBM Credit and Incentra Solutions, Inc.

000062

Claims. Therefore, we suggest that Westchester Fire reconsider its erroneous interpretation and demand that it honor the Policy and provide coverage to Sigma Chi Fraternity and Sigma Chi Foundation for the noticed Claims.

If Westchester Fire does not agree to honor the Policy and provide coverage by 5:00 p.m. EDT on June 29, 2007, our clients will file a declaratory suit against Westchester Fire for coverage. Finally, because Westchester Fire's denial of coverage is baseless, we will also file a claim for bad faith and vexatious denial of benefits and seek punitive damages and attorneys' fees. Thank for you consideration and we look forward to your response.

Our clients reserve all of their rights under the Policy and all applicable laws and nothing stated in this letter or any actions taken shall be deemed an admission or waiver of any rights and/or grounds for their demands for coverage.

Very truly yours,

Blake T. Hannafan

Cc: Greg Harbaugh
    Mark V. Anderson

2

000063

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Delaine Mucka_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Blake Hannafan
Hannafan + Hannafan
One East Wacker Drive
Suite 1280
Chicago, IL 60601

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 1820 0002 9346 7471

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

000064



ACE Westchester Specialty
Group Claims
500 Colonial Center Parkway
Suite 200
Roswell, GA 30076
USA

678-795-4374 *tel*
678-795-4081 *fax*

robyn.dilts@ace-ina.com
www.ace-ina.com

**Robyn L. Dilts**
*Senior Claims Specialist*

June 1, 2007

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Blake Hannafan
Hannafan & Hannafan
One East Wacker Drive
Suite 1280
Chicago, IL 60601

|  |  |  |
|---|---|---|
| Re: | Insured: | Sigma Chi Fraternity |
|  | Policy No.: | DON G21943885 001 |
|  | Claimant: | IBM Credit, LLC |
|  | Claim No.: | JY07J0071577 |

Dear Mr. Hannafan:

I am writing on behalf of Westchester Fire Insurance Company ("Westchester Fire"), to once again acknowledge receipt of correspondence and materials concerning the above matter. This correspondence is directed to you as the authorized representative of Sigma Chi Fraternity; if this is incorrect please advise accordingly. According to the materials provided, on or about February 23, 2007 IBM Credit sent a letter to Sigma Chi Fraternity alleging that Sigma Chi Fraternity was in default of IBM Credit Lease agreement and/or IBM Credit financing agreement and supplement number VP0D37327, D00D37027, D00D37051, D00D18153 and VP0D45350. IBM Credit demanded payment of $1,490,604 as a result of the alleged default (the "<u>IBM</u> Claim").

Westchester Fire has not made any determination as to the validity of claimants' allegations nor do we assert that any liability exists.

The purpose of this letter is to regretfully advise you that there is no coverage available for the <u>IBM</u> Claim under the Policy, based upon our review of the information received to date. In the event there is any additional information that you feel would impact our position, please forward same to my attention.

The Management Liability Insuring Agreement of the ACE Advantage Not-For-Profit Company insurance policy issued to Sigma Chi Fraternity is a claims made and reported policy with a Policy Period of September 28, 2006 to September 28, 2007. The aggregate limit of liability for this Policy is $5,000,000 with a $10,000 retention for each Claim under the Management Liability Insuring Agreement.

Please refer to the Policy Management Liability Insuring Agreements, which state:



I.    INSURING AGREEMENTS

A.  Management Liability

If Management Liability coverage is purchased as indicated in Item 3 of the Declarations:

1.  Directors' and Officers' Liability

The Insurer shall pay the Loss of the Insured Persons for which the Insured Persons are not indemnified by the Company and which the Insured Persons have become legally obligated to pay by reason of a Claim first made against the Insured Persons and reported to the Insurer during the Policy Period or, if elected, the Extended Reporting Period, for any Wrongful Acts taking place prior to the end of the Policy Period.

2.  Company Reimbursement

The Insurer shall pay the Loss of the Company for which the Company has indemnified the Insured Persons and which the Insured Persons have become legally obligated to pay by reason of a Claim first made against the Insured Persons and reported to the Insurer during the Policy Period or, if elected, the Extended Reporting Period, for any Wrongful Acts taking place prior to the end of the Policy Period.

3.  Company Liability

The Insurer shall pay the Loss of the Company which the Company becomes legally obligated to pay by reason of a Claim first made against it and reported to the Insurer during the Policy Period or, if elected, the Extended Reporting Period, for any Wrongful Acts taking place prior to the end of the Policy Period.

4.  Outside Entity Directors' and Officers' Liability

The Insurer shall pay the Loss of any Outside Entity Insured Person which the Outside Entity Insured Person is legally obligated to pay by reason of a Claim first made against them and reported to the Insurer during the Policy Period or, if elected, the Extended Reporting Period, for any Wrongful Acts taking place prior to the end of the Policy Period, but only excess of (i) any indemnification provided by an Outside Entity and (ii) any insurance coverage afforded to an Outside Entity or its executives applicable to such Claim.

Please also see Policy Section III. L. 1, which states:

III.   EXCLUSIONS

The Insurer shall not be liable for Loss on account of any Claim:

Page 2/3

000066



L.  The following exclusions shall apply to any Claim covered, in whole or in part, under Insuring Agreement A, Directors' and Officers' Liability:

   1.  Contract or Agreement

       alleging, based upon, arising out of, or attributable to the actual or alleged breach of any oral, written, express or implied contract or agreement. However, this exclusion shall not apply to the extent that liability would have attached to the Company in the absence of such contract or agreement, or where such Claim is covered entirely under Insuring Agreement A1, Directors' and Officers' Liability, and A2, Company Reimbursement, and no part of such Claim is covered under Insuring Agreement A3, Company Liability.

Pursuant to the above exclusion the Policy does not provide coverage for claims made against the Company for breach of contract or agreement. As the IBM Claim is based on allegations of non-payment by Sigma Chi Fraternity for goods and services provided by IBM Credit pursuant to a financing and/or credit lease agreement, this matter is not covered under the Policy.

Lastly, Westchester Fire reserves its right to deny coverage based upon grounds other than those expressly set forth in this letter and to supplement and/or amend this letter to address additional coverage issues as they may arise, based upon all of the provisions, terms, conditions, exclusions, endorsements and definitions found in the Policy and additional facts that may come to Westchester Fire's attention. Nothing stated herein and no further action taken by Westchester Fire or on its behalf should be construed as a waiver of any of its rights under the Policy. On the contrary, by providing this or any prior correspondence to the Insured, engaging in any prior or future discussions with the Insured, or paying or agreeing to pay any amount to or on behalf of the Insured, Westchester Fire does not waive any rights that it has under the Policy.

If there are any questions, please do not hesitate to contact me at (678) 795-4374.

Very truly yours,

Robyn L. Dills
Senior Claims Specialist

Page 3/3