UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIGMA CHI CORPORATION and<br>SIGMA CHI FOUNDATION,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendant and Counter-Plaintiff. | )<br>)<br>)<br>)<br>) Case No. 1:08-cv-00767<br>)<br>) Judge Ruben Castillo<br>)<br>) Magistrate Judge Arlander Keyes<br>)<br>) |

**WESTCHESTER FIRE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant/Counter-Plaintiff Westchester Fire Insurance Company ("Westchester Fire") submits this Reply in Support its Motion for Judgment on the Pleadings and states as follows:

**I.    INTRODUCTION**

The opposition memorandum of Plaintiffs/Counter-Defendants Sigma Chi Corporation and Sigma Chi Foundation ("Sigma Chi") concentrates on a typographical error in the Policy's exclusionary language in an attempt to misdirect the Court's attention from Illinois law providing that there can be no insurance coverage for breach of contract damages (irrespective of exclusionary language). Similarly, Sigma Chi's opposition mischaracterizes pre-litigation settlement discussions in hopes of bolstering an unsupported allegation of "bad faith" under 215 ILCS 5/155, despite the fact that the communication record clearly reflects objectively reasonable conduct by Westchester Fire in addressing the bona fide coverage dispute over the Underlying Claims. As explained in the Opening Brief, and reaffirmed herein, Sigma Chi's claims against Westchester Fire fail as a matter of law. Accordingly, Westchester Fire respectfully requests that this Court grant judgment on the pleadings in its favor, dismiss Sigma Chi's Amended Complaint with prejudice.

1

## II. ARGUMENT

### A. THE ISSUES PRESENTED ARE APPROPRIATE FOR THE COURT TO DECIDE UPON A MOTION FOR JUDGMENT ON THE PLEADINGS

Illinois law treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and insured as questions of law that the court may resolve summarily. *Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998). Likewise, policy construction issues, including the plain language of the policy and any ambiguity, are questions of law for the court. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 391, 620 N.E.2d 1073 (1993). Where, as here, Illinois law provides that there can be no coverage for the claim at issue, an insured's complaint must fail as a matter of law, with the insurer entitled to judgment on the pleadings.

Similarly, an insurer's conduct under 215 ILCS 5/155 is a matter of law to be determined by the court. *Horning Wire Corp. v. Home Indem. Co.*, 8 F.3d 587, 590 (7th Cir. 1993). Sigma Chi's argument regarding the pre-maturity of any evaluation or determination under 215 ILCS 5/155 is without merit. A full record of the parties' communication related to the coverage dispute, inclusive of the factual and legal rationale supporting the denials of coverage, has been presented to the Court as exhibits. By reviewing same, the Court can analyze the conduct of the parties and determine if Westchester Fire acted in a "vexatious and unreasonable" manner in addressing coverage for the Underlying Claims.

### B. ILLINOIS LAW PRECLUDES COVERAGE FOR THE UNDERLYING CLAIMS

In lieu of addressing the Illinois cases which support Westchester Fire's position that there can be no coverage for the Underlying Claims, Sigma Chi's opposition memorandum instead concentrates upon the non-Illinois cases cited in the Opening Brief as well as the

typographical error in Section III.L. of the Policy.  Given the unavailing nature of Sigma Chi's limited attempts to distinguish *Watters*, *P.C. Quote*, and *Spancrete*, one can only surmise that the above is an attempt to direct the Court's attention away from a terminal flaw in Sigma Chi's coverage argument.  For reference, we reiterate the arguments and citations referenced in the Opening Brief:

> Damages that are expected or intended from the standpoint of the insured are not fortuitous, and thereby must be precluded from the coverage under a liability policy.  *State Farm Fire & Cas. Co. v. Watters*, 268 Ill. App. 3d 501, 644 N.E.2d 492, 495-496, 205 Ill. Dec. 936 (5th Dist. 1994, *appeal denied*, 161 Ill. 2d 540 (1995).  Damages resulting from a breach of contract are expected or intended, and an insured cannot obtain coverage under a liability policy for what is really nothing more than the natural consequence of its business decision.  *Travelers Ins. Cos. v. P.C. Quote, Inc.*, 211 Ill. App. 3d 719, 570 N.E.2d 614, 620, 145 Ill. Dec. 138 (1st Dist. 1991).  In *P.C. Quote*, the court found that there is no coverage for breach of contract under a liability policy because the insured necessarily expects or intends damage when it refuses to pay for goods and services that it has ordered.  *Id*.
>
> Similarly, the Northern District of Illinois, interpreting Illinois law, has held that breach of contract claims do not fall within the scope of coverage provided by liability policies.  *Aetna Cas. & Sur. Co. v. Spancrete of Ill., Inc.*, 726 F. Supp. 204, 206 (N.D. Ill. 1989).  See also *Deris & Krump Mfg. Co. v. Phoenix Ins. Co.*, 548 F.2d 681 (7th Cir. 1977).  In *Spancrete*, the court held that an insurer did not have a duty to indemnify its insured because the damages arose out of the insured's contractual duties, and thus, were not covered under the liability policy.  *Id*. at 206.  [Opening Brief, p. 8.]

In holding that Aetna had no duty to indemnify the insured for breach of contract damages, the *Spancrete* court specifically noted that the insuring language in the relevant policy provided that "Aetna must indemnify Spancrete for damages which Spancrete becomes *legally obligated to pay*…" *Id*. at 206.  The holding in *Spancrete* has not been overruled, and the rationale found therein, in conjunction with that in *Watters* and *P.C. Quote*, is more than sufficient to support the Court's granting of Westchester Fire's Motion for Judgment on the Pleadings.

3

Finally, in response to Sigma Chi's request that the Court disregard the non-Illinois case law in the Opening Brief, Westchester Fire, noting the lack of published decisions in Illinois specifically addressing management liability policies, states that these out-of-state cases simply affirm that the legal conclusions noted in *Watters*, *P.C. Quote*, and *Spancrete* should apply equally to both general liability policies and management liability policies. See *August Entm't, Inc. v. Philadelphia Idem. Ins. Co.*, 146 Call. App. 4th 565, 52 Cal. Rptr. 3d. 908, 917-918 (Cal. Ct. App. 2007) (finding no coverage for breach of contract damages under a directors and officers liability policy based upon the above rationale as well as the reasons addressed in the Opening Brief regarding the insuring language and definitions of Wrongful Act and Loss). Candidly, Westchester Fire finds Sigma Chi's request to be disingenuous, especially in light of the fact that Sigma Chi relies upon *Burlington*, 170 Vt. 358, as its sole citation supporting an argument that breach of contract damages can be covered under liability policies. As noted by Seventh Circuit when refusing to extend coverage for contractual liability in *Baylor Heating & Air v. Federated Mut.*, "[w]e dare not imagine the creative legal theories treading just short of malpractice and frivolity that could seek to transform contract obligations into insured events." 987 F.2d 415, 420 (7th Cir. 1993).

C. **WESTCHESTER FIRE HAS NOT VIOLATED 215 ILCS 5/155**

The communication record between the parties evidences a bona fide coverage dispute in this matter. As noted in Westchester Fire's Opening Brief:

> Illinois courts have found that a bona fide dispute exists when an insurer relies on Illinois case law to support its coverage position. *Ragan v. Columbia Mut. Ins. Co.*, 291 Ill. App. 3d 1088, 684 N.E.2d 1108, 1115, 226 Ill. Dec. 112 (5th Dist. 1997). Further, a bona fide coverage dispute can also exist when an insurer takes a "reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). [Opening Brief, p. 12.]

4

The communication record objectively reflects that Westchester Fire acted in a reasonable and timely manner in addressing coverage for the Underlying Claims.  In this connection, Westchester Fire's correspondence consistently reflects its position that there can be no coverage for breach of contract damages under the Policy, identifies Policy provisions and Illinois case law supporting its denials of coverage, and includes a comprehensive statement of the parties' reservation of rights under the Policy, at law and in equity.[1]  In addition, we note that Sigma Chi has not alleged waiver or estoppel.  Accordingly, based upon its review of the full communication record, and regardless of the Court's ultimate determination regarding coverage for the Underlying Claims, the Court can conclude at this time that a bona fide coverage dispute exists in this matter, and that Westchester Fire acted in a reasonable and timely manner in addressing coverage for the Underlying Claims.  Therefore, we respectfully request that the Court dismiss the cause of action 215 ILCS 5/155 from the Amended Complaint at this time.

**III.  CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Opening Brief, Westchester Fire is entitled to judgment on the pleadings in its favor on Plaintiffs' claims for breach of contract and violations of Section 155 of the Illinois Insurance Code.  In this connection, we respectfully request that this Court grant judgment on the pleadings in favor of Westchester Fire and dismiss Sigma Chi's Amended Complaint with prejudice.

---

[1] Of note, Westchester Fire's letter of July 26, 2007 generally addresses the arguments contained in Sigma Chi's opposition memorandum regarding Section III.L. of the Policy, "plain meaning" and "ambiguity," and includes a recitation of Section XXIII. of the Policy providing, "The terms and conditions of this **Policy** shall be interpreted and construed in an evenhanded fashion as between the parties. If the language of this **Policy** is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant terms and conditions of this **Policy**, without regard to authorship of the language, without any presumption or arbitrary interpretation or construction in favor of either the **Insureds** or the **Insurer** …"  [Exhibit 5 to the Counterclaim.]

          Respectfully submitted,

          By: s/ Ryan T. Brown
              Attorney for Westchester Fire
                Insurance Company

Ryan T. Brown
GORDON & REES LLP
One North Franklin
Suite 1800
Chicago, Illinois 60606
Tel: (312) 565-1400
Fax: (312) 565-6511